IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA CARL DOW,<br><br>      Petitioner,<br><br>      v.<br><br>TIM VIRGA, Warden, California State Prison, Sacramento,<br><br>      Respondent. | No. 2:10-cv-02023-JKS<br><br>MEMORANDUM DECISION |

  La Carl Dow, a state prisoner appearing *pro se*, filed a Petition for Habeas Corpus under 28 U.S.C. § 2254. Dow is currently in the custody of the California Department of Corrections and Rehabilitation, incarcerated at the California State Prison, Sacramento. Respondent has answered, and Dow has replied.

I. BACKGROUND/PRIOR PROCEEDINGS

  Dow is currently serving a determinate sentence of fifteen years as a result of his December 2003 conviction in the San Mateo County Superior Court for Robbery, Cal. Penal Code § 212.5(c), with serious felony priors and under California's "three-strikes" law. Dow does not challenge that conviction or sentence in this proceeding.

  In July 2007 Dow was found in possession of illegal substances in a prison facility. Dow was issued a CDC 115 Rules Violation Report ("RVR") charging him with the specific act of Possession/Controlled Substance/Distribution. The internal prison disciplinary proceedings were stayed and held in abeyance pending referral to the District Attorney for prosecution under the

Penal Code. The District Attorney obtained an indictment in the Solano County Superior Court charging Dow with one count of Possession of Illegal Substances in a Prison Facility in violation of California Penal Code § 4573.6, a felony.[1] Dow entered a no contest plea in the Solano County Superior Court.[2] Upon completion of the criminal proceedings in the Solano County Superior Court, the internal disciplinary proceedings were reinstated. After a hearing before a Senior Hearing Officer ("SHO"), Dow was found guilty of Possession of a Controlled Substance for Distribution, a Division "A-2" Offense,[3] and assessed 151 days of loss of behavioral credits.[4] After exhausting his administrative appeal rights,[5] Dow filed a petition for habeas relief in the Solano County Superior Court, which was denied in an unreported, reasoned decision. The California Court of Appeal summarily denied Dow's petition for habeas relief, and the California Supreme Court summarily denied relief without opinion or citation to authority on September 9, 2009. Dow timely filed his Petition for relief in this Court on July 23, 2010.

The factual basis underlying Dow's conviction, as recited in the RVR, is as follows:

> On Monday, July 2, 2007, Officers C. Stiltner and A. Alcaraz approached cell 11-128 and removed DOW and SMITH who were assigned to the cell. During an unclothed body search of Dow, Officer Alcaraz discovered numerous bindles of suspected controlled substances. Inmate SMITH was also searched with negative results. Officer J. Whitfield arrived on the scene with his Narcotic Detection Dog, "Slue-Zen" and searched cell 11-128. The dog alerted to the scent of narcotic by

---

[1] Docket No. 11-1, at 16-17.

[2] The findings and punishment imposed by the Solano County Superior Court in the criminal proceedings do not appear in the record and are not germane to the issues presented in the Petition before this Court.

[3] Cal. Code Regs. tit. 15, § 3016(c).

[4] Docket No. 11-1, at 28.

[5] Prisoner disciplinary actions are subject to internal administrative review. Cal. Code Regs. tit. 15, §§ 3084.1-3084.2, 3084.7, 3084.9.

scratching at the lower left corner of the top shelf and to the mattress taken from the lower bunk.  Officer Stiltner physically searched these areas and recovered what appeared to be marijuana and heroin.  Officer Alcaraz assisted in the search and recovered a razor blade in the lower bunk area and a small digital scale.

On Thursday, July 5, 2007, field test results were received from CSP-Solano Security and Investigations Officer D. Howard who tested eleven (11) bindles collected from cell 11-128, assigned to inmates DOW, V-22401 and SMITH, V09846 on July 2,2007.  The bindles were labeled 1-11 and the results were as follows:
#1=0.29 Marijuana
#2=0.89 Heroin
#3=0.89 Heroin
#4=0.49 Heroin
#5=0.59 Marijuana
#6=0.89 Heroin
#7=0.89 Heroin
#8=4.39 Marijuana
#9=5.89 Heroin
#10=0.89 Marijuana
#11 =0.49 Heroin
(all weights inclusive of packaging)[6]

## II.  GROUNDS RAISED/DEFENSES

In his Petition, Dow raises a single ground:  that the evidence is insufficient to support his conviction of possession with intent to distribute as defined in the California Code of Regulations.  Respondent asserts no affirmative defense.[7]

## III.  STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" at the time the state court renders its decision or "was based

---

[6] Docket No. 11-1, at 33. This is reproduced exactly as it appears on the docket report.

[7] *See* Rules Governing Section 2254 Cases in the U.S. Dist. Courts, Rule 5(b) (2011).

on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[8]  The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision."[9]  The holding must also be intended to be binding upon the states; that is, the decision must be based upon constitutional grounds, not on the supervisory power of the Supreme Court over federal courts.[10]  Thus, where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'"[11]  When a claim falls under the "unreasonable application" prong, a state court's application of Supreme Court precedent must be "objectively unreasonable," not just "incorrect or erroneous."[12]  The Supreme Court has made clear that the objectively unreasonable standard is "a substantially higher threshold" than simply believing that the state court determination was incorrect.[13]  "[A]bsent a specific constitutional violation, federal habeas corpus review of trial error is limited to whether the error 'so infected

---

[8] 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 402-06 (2000); *see also Lockyer v. Andrade,* 538 U.S. 63, 70-75 (2003) (explaining this standard).

[9] *Williams*, 529 U.S. at 412 (alteration added).

[10] *Early v. Packer*, 537 U.S. 3, 10 (2002).

[11] *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (alterations in original) (citation omitted); *see also Wright v. Van Patten*, 552 U.S. 120, 126 (2008) (per curiam); *Kessee v. Mendoza-Powers*, 574 F.3d 675, 678-79 (9th Cir. 2009); *Moses v. Payne*, 555 F.3d 742, 753-54 (9th Cir. 2009) (explaining the difference between principles enunciated by the Supreme Court that are directly applicable to the case and principles that must be modified in order to be applied to the case; the former are clearly established precedent for purposes of § 2254(d)(1), the latter are not).

[12] *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003) (internal quotation marks and citations omitted).

[13] *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams,* 529 U.S. at 410).

the trial with unfairness as to make the resulting conviction a denial of due process.'"[14]  In a federal habeas proceeding, the standard under which this Court must assess the prejudicial impact of constitutional error in a state court criminal trial is whether the error had a substantial and injurious effect or influence in determining the outcome.[15]  Because state court judgments of conviction and sentence carry a presumption of finality and legality, the petitioner has the burden of showing by a preponderance of the evidence that he or she merits habeas relief.[16]

The Supreme Court recently underscored the magnitude of the deference required:

> As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings.  *Cf. Felker v. Turpin,* 518 U.S. 651, 664, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996) (discussing AEDPA's "modified res judicata rule" under § 2244).  *It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents.  It goes no farther.*  Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal.  *Jackson v. Virginia,* 443 U.S. 307, 332, n. 5, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (Stevens, J., concurring in judgment).  As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.[17]

---

[14] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 642, 643 (1974)).

[15] *Fry v. Pliler*, 551 U.S. 112, 121 (2007) (adopting the standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).

[16] *Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002) (citations omitted); *see Wood v. Bartholomew*, 516 U.S. 1, 8 (1995) (per curiam) (stating that a federal court cannot grant "habeas relief on the basis of little more than speculation with slight support").

[17] *Harrington v. Richter*, 131 S. Ct. 770, 786-87 (2011) (emphasis added).

In applying this standard, this Court reviews the "last reasoned decision" by the state court.[18] State appellate court decisions that summarily affirm a lower court's opinion without explanation are presumed to have adopted the reasoning of the lower court.[19] This Court gives the presumed decision of the state court the same AEDPA deference that it would give a reasoned decision of the state court.[20]

Under California's unique habeas procedure, a prisoner who is denied habeas relief in the superior court files a new original petition for relief in the court of appeal. If denied relief by the court of appeal, the defendant has the option of either filing a new original petition for habeas relief or a petition for review of the court of appeal's denial in the California Supreme Court.[21] This is considered as the functional equivalent of the appeal process.[22] Under AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption

---

[18] *Robinson v. Ignacio,* 360 F.3d 1044, 1055 (9th Cir. 2004) (citing *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002)); *cf. Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991) (explaining "how federal courts in habeas proceedings are to determine whether an unexplained order . . . rests primarily on federal law," and noting that federal courts must start by examining "the last reasoned opinion on the claim . . . ").

[19] *Ylst*, 501 U.S. at 802-03 ("Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground."); *cf. Richter*, 131 S. Ct. at 784 ("As every Court of Appeals to consider the issue has recognized, determining whether a states court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning.").

[20] *See Richter*, 131 S. Ct. at 784-85 (rejecting the argument that a summary disposition was not entitled to § 2254(d) deference).

[21] *See Carey v. Saffold*, 536 U.S. 214, 221-22 (2002) (citations omitted) (discussing California's "original writ" system).

[22] *See id.* at 222 ("Thus, typically a prisoner will seek habeas review in a lower court and later seek appellate review in a higher court . . . .").

by clear and convincing evidence.[23]  This presumption applies to state trial courts and appellate courts alike.[24]

IV.  DISCUSSION

The prison disciplinary proceeding culminated with the Director's Level Appeal Decision:

> **I    APPELLANT'S ARGUMENT:**  [Dow] is submitting this appeal relative to CDC Form 115, Rules Violation Report (RVR), Log #S2-07-07-0758, dated July 9, 2008, for Possession/Controlled Substance/Distribtution.  It is [Dow's] position that he is not guilty of Distribution of a Controlled Substance. [Dow] states that there is evidence to substantiate a guilty finding on the lesser charge of Possession of Controlled Substance.  [Dow] states that the guilty finding was based on evidence that does not substantiate distribution.  [Dow] requests that the charge for Distribution be lowered to a charge of Possession.
>
> **II    SECOND LEVEL'S DECISION:**  The reviewer found "that the appellant is not a participant in the Mental Health Services Delivery System.  [Dow] did not display any bizarre, unusual, or uncharacteristic behavior at the time of the hearing. An Investigative Employee was assigned and submitted a report to the appellant. [Dow] elected to have no witnesses present at his disciplinary hearing.  The charges were read to [Dow] and he pled Not Guilty to the charge and advised the Senior Hearing Officer (SHO) that he was guilty of possession but not guilty of distribution. [Dow] pled No Contest to possession of controlled substance in Solano County Superior Court and [Dow] was found guilty as charged.  The SHO found the appellant guilty based on the circumstances of the Reporting Employee RVR and the appellant's admission of guilt.  The razor blade and digital scale discovered in [Dow's] cell are also evidence of distribution.  [Dow] was in possession of the controlled substances and the contraband was packaged in a manner consistent with distribution.  Additionally, the combined weight 9.8 grams Heroin inclusive of packaging, 5.8 grams Marijuana inclusive of packaging indicates that these substances were not for personal used based on the amount.  [Dow] was assessed 151

---

[23] 28 U.S.C. § 2254(e)(1); *see also Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003) ("Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary . . . ." (citing 28 U.S.C. § 2254(e)(1)).

[24] *See Stevenson v. Lewis*, 384 F.3d 1069, 1072 (9th Cir. 2004) ("Stevenson does not address these factual findings, let alone challenge them with clear and convincing evidence. Accordingly, we presume them to be correct." (citing 28 U.S.C. § 2254(e)(1); *Pollard v. Galaza*, 290 F.3d 1030, 1035 (9th Cir. 2002))).

days forfeiture of credits which is consistent with a Division "A-2" offense.  The appeal was denied at the Second Level of Review (SLR).

**III    DIRECTOR'S LEVEL DECISION:**  Appeal is denied.

**A. FINDINGS:**  The Director's Level of Review (DLR) reviewed the issues of [Dow's] appeal and reaffirms the institution's examination and conclusions as addressed within the SLR.  The examiner thoroughly reviewed all documents relative to [Dow's] RVR and finds that the RVR was referred to the District Attorney (DA).  On July 10, 2007, [Dow] requested postponement of his hearing pending the DA referral. On March 28, 2008, the outcome of the DA referral was received.  A Staff Assistant not assigned as [Dow] is literate and does not meet the criteria described in the California Code of Regulations, Title 15, Section (CCR) 3315.  On July 10, 2007, [Dow] received his copy of the RVR which is within 15 days of discovery.  [Dow] received all documentation to be relied upon more than 24 hours prior to the hearing and [Dow] was present at the hearing on April 18, 2008, which is within 30 days of the completion of the judicial proceedings.  The examiner thoroughly reviewed all documents relative to [Dow's] RVR and finds that the SHO appropriately found [Dow] guilty and assessed a credit loss commensurate with the credit forfeiture schedule.  The DLR finds that [Dow] was afforded all the required due process protections and that time constraints were complied with.  After considering the evidence and arguments herein, it has been determined that California State Prison - Solano (SOL) has acted appropriately on [Dow's] request.  There shall be no relief afforded to the appellant at the DLR.

**B. BASIS FOR THE DECISION:**
CCR: 3006, 3016, 3287, 3290, 3310, 3312, 3313, 3315, 3316, 3318, 3320, 3323

**C. ORDER:**  No changes or modifications are required by the Institution.[25]

Dow admitted guilt to possession of a controlled substance.  Dow argues that the record is devoid of any evidentiary support that he "distributed" a controlled substance within the meaning of § 3016(c) of the regulations, which provides:  "Inmates shall not distribute, as defined in section 3000, any controlled substance."[26]  Distribution is defined as: "the sale or unlawful dispersing, by an inmate or parolee, of any controlled substance; or the solicitation of or conspiring with others in arranging for, the introduction of controlled substances into any

---

[25] Docket No. 11-1, at 19-20 (alterations added).  Except for the petitioner's name, this is reproduced exactly as it appears on the docket report.

[26] Cal. Code Regs. tit. 15, § 3016(c).

institution, camp, contract health facility, or community correctional facility for the purpose of sales or distribution."[27]  He further argues that, because of the criminal prosecution that was limited to the simple possession charge, not the distribution charge, the guilty finding was precluded by § 3316(c)(3) of the regulations, which provides:

> (3)   A court verdict of guilty or not guilty, resulting from a trial, shall be accepted as the finding of fact on the same charges in a disciplinary hearing. Should the court accept a plea agreement or negotiated settlement resulting in a conviction for a lesser offense than was originally charged, or if a court dismisses a charge prior to trial, the Department shall not be precluded from taking appropriate administrative action based on the facts contained in the original charge. If a court finds the inmate not guilty after a finding of guilty in a disciplinary hearing, the rule violation charges shall be dismissed.[28]

The Solano County Superior Court rejected Dow's arguments, holding:

> [Dow] has failed to state a prima facie case for relief on his claims. *(People v. Duvall* (1995) 9 Cal.4th 464.)  First, [Dow] has failed to provide all the necessary documents for the court to review this matter. (*Id.* at 474.)  But, based on what has been submitted, some evidence exists supporting his guilty finding as required by law. (*In re Zapeda* (2006) 141 Cal.App.4th 1493.)  The some *evidence* standard is not particularly stringent and is satisfied where "there is any evidence in the record that could support the conclusion reached." (*Superintendent v. Hill* 474 U.S. 455-456.)  The record shows that the CDC found heroin and marijuana and a small digital scale in [Dow's] cell and on his person. Further, the drugs were packed in eleven individual bags.  This is enough to support the finding.[29]

"Prison disciplinary proceedings are not part of a criminal prosecution;" therefore, "the full panoply of rights due a defendant in such proceedings does not apply."[30]  In the context of prison disciplinary proceedings the minimum requirements of due process are:  (1) advance

---

[27] Cal. Code Regs. tit. 15, § 3000.

[28] Cal Code Regs. tit. 15, § 3316(c).

[29] Docket 11-1, at 56-57 (alterations added).  Except for the petitioner's name, this appears exactly as it does in the original.

[30] *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) (citation omitted).

written notice of the charges brought against the inmate; (2) the right to call witnesses and present documentary evidence in defense; (3) the factfinder's written statement of the evidence relied on and the reasons for the disciplinary action taken;[31] and (4) the findings must be supported by some evidence in the record.[32] Inmates do not, however, have a right of confrontation and cross-examination.[33] The only right at issue in this case is that the findings must be supported by some evidence.

Distilled to its essence, Dow's argument is that California law was either misinterpreted or misapplied. That argument is beyond the purview of this Court in a federal habeas petition.[34] "[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."[35] A petitioner "may not, however, transform a state-law issue into a federal one merely by simply asserting a violation of due process."[36] "[The Supreme Court has] long recognized that a mere error of state law is not a denial of due process."[37] A determination of state law by a state intermediate appellate court is

---

[31] *Id.* at 563-66.

[32] *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985).

[33] *Wolff*, 418 U.S. at 567.

[34] *See Swarthout v. Cooke*, 131 S. Ct. 859, 863 (2011) ("The short of the matter is that the responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts, and is no part of the Ninth Circuit's business.").

[35] *Bradshaw v. Richey,* 546 U.S. 74, 76 (2005) (citations omitted); *see West v. Am. Tel. & Tel.,* 311 U.S. 223, 236 (1940) ("[T]he highest court of the state is the final arbiter of what is state law. When it has spoken, its pronouncement is to be accepted by federal courts as defining state law . . . ." (citation omitted)).

[36] *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996).

[37] *Cooke*, 131 S. Ct. at 863 (internal quotation marks and citations omitted).

also binding in a federal habeas action.[38] This is especially true where the highest court in the state has denied review of the lower court's decision.[39] "[A]bsent a specific constitutional violation, federal habeas corpus review of trial error is limited to whether the error 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'"[40] "Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension."[41]

V. CONCLUSION AND ORDER

Because he has failed to raise an issue of constitutional dimension, Dow is not entitled to relief.

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED**.

---

[38] *See Hicks v. Feiock,* 485 U.S. 624, 629-30 & n.3 (1988) (citing *West*, 311 U.S. at 237-238) (noting that a state appellate court's determination of state law is binding and must be given deference).

[39] *Id.*; *see West,* 311 U.S. at 237 ("This is the more so where, as in this case, the highest court has refused to review the lower court's decision rendered in one phase of the very litigation which is now prosecuted by the same parties before the federal court."); *Shannon v. Newland*, 410 F.3d 1083, 1087 (9th Cir. 2005) (same).

[40] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 642, 643 (1974)).

[41] *Smith v. Philips*, 455 U.S. 209, 221 (1982) (citations omitted); *see also Sanchez-Llamas v. Oregon*, 548 U.S. 331, 345 (2006) ("It is beyond dispute that we do not hold a supervisory power over the courts of the several States." (quoting *Dickerson v. United States*, 530 U.S. 428, 438 (2000))).

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[42]  Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.[43]

The Clerk of the Court is to enter judgment accordingly.

Dated: December 5, 2011.

/s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
United States District Judge

---

[42] 28 U.S.C. § 2253(c); *Banks v. Dretke,* 540 U.S. 668, 705-06 (2004) ("To obtain a certificate of appealability a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003))).

[43] *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.